a

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| FLETCHER TERRELL MINOR #21150-035, Petitioner | CIVIL DOCKET NO. 1:23-CV-01765 SEC P |
| VERSUS | JUDGE TERRY A. DOUGHTY |
| USA, Respondent | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court is a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241 filed by pro se Petitioner Fletcher Terrell Minor ("Minor"). ECF No. 1. Minor is a prisoner at the United States Penitentiary in Pollock, Louisiana. He challenges a conviction and sentence imposed in the Monroe Division of this Court.

Because Minor cannot meet the requirements of the savings clause, his Petition should be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

I. Background

Minor pleaded guilty to possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1). He was sentenced to 120 months of imprisonment. *United States v. Minor,* 843 F. App'x 657, 658 (5th Cir. 2021). The United States Court of Appeals for the Fifth Circuit affirmed the conviction and sentence. *Id.* Minor did not seek further review.

Before the one-year limitations period for filing a Motion to Vacate under 28 U.S.C. § 2255(f) expired, Minor filed two motions requesting extensions of the deadline. *United States v. Minor,* 3:19-CR-00202 (W.D. La.), ECF No. 52, 54. The Court denied the motions. *Id.* at 53, 55. Minor now seeks relief under § 2241.

II. <u>Law and Analysis</u>

A § 2241 petition and a motion under § 2255 are "distinct mechanisms for seeking post-conviction relief." *Pack v. Yusuff,* 218 F.3d 448, 451 (5th Cir. 2000). "Section 2255 provides the primary means of collaterally attacking a federal sentence and is the appropriate remedy for errors that occurred at or prior to the sentencing." *Padilla v. United States,* 416 F.3d 424, 425-26 (5th Cir. 2005) (internal quotation marks and citations omitted). In contrast, § 2241 is the proper procedural vehicle by which a petitioner may "attack[ ] the manner in which a sentence is carried out or the prison authorities' determination of its duration." *Pack,* 218 F.3d at 451.

Minor challenges the imposition—not the execution—of his sentence, so his claim must be brought under § 2255. *Id.* "In 'extremely limited circumstances,' federal prisoners may seek postconviction relief through a § 2241 petition instead of a § 2255 motion" pursuant to the "so-called 'savings clause' of § 2255(e)." *Hammoud v. Ma'at,* 49 F.4th 874, 879 (5th Cir. 2022) (en banc) (quoting *Pack,* 218 F.3d at 452).

The savings clause provides:

> An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e). A § 2255 motion is deemed adequate unless the petitioner relies on: (1) newly discovered evidence; or (2) a new rule of constitutional law. *See Jones v. Hendrix*, 599 U.S. 465, 469 (2023) (citing § 3355(h)); *Mooney v. Garrido*, 4:22-CV-1108, 2023 WL 6464137, at *4 (N.D. Tex. Oct. 2, 2023). Minor relies on neither. In fact, he recognizes that "there hasn't been a U.S. Supreme Court decision invalidating 18 U.S.C. § 922(g)(1) as applied to already convicted Petitioners." ECF No. 1 at 5.

Additionally, in *Jones*, the Supreme Court recognized that recourse under the savings clause is available only "where unusual circumstances make it impossible or impracticable to seek relief in the sentencing court, as well as for challenges to detention other than collateral attacks on a sentence." *See Jones*, 599 U.S. at 478[1]; *Arellano v. Withers*, 22-60525, 2023 WL 4311621, at *1 (5th Cir. July 3, 2023). Nothing in Minor's briefing or exhibits indicates that such unusual circumstances are applicable here.

---

[1] In providing examples of unusual circumstances, the Supreme Court stated:
> The clearest such circumstance is the sentencing court's dissolution; a motion in a court that no longer exists is obviously "inadequate or ineffective" for any purpose. *See, e.g., Witham v. United States*, 355 F.3d 501, 504–505 (6th Cir. 2004) (finding § 2255 inadequate or ineffective after court-martial was dissolved); *Edwards v. United States*, 1987 WL 7562, *1 (E.D.N.Y., Feb. 9, 1987) (finding § 2255 inadequate or ineffective after District Court of the Canal Zone was dissolved); *cf. Spaulding v. Taylor*, 336 F.2d 192, 193 (10th Cir. 1964) (finding § 2255 inadequate or ineffective after Alaska territorial court was dissolved and federal and state successor courts declined § 2255 and state-habeas jurisdiction, respectively). The saving clause might also apply when "it is not practicable for the prisoner to have his motion determined in the trial court because of his inability to be present at the hearing, or for other reasons." *Hayman*, 342 U.S., at 215, n. 23 (internal quotation marks omitted).

*Jones*, 599 U.S. at 474 (footnote omitted).

Furthermore, Minor failed to timely apply for relief under § 2255. He may not use the savings clause to avoid the statute of limitations. *See Pack*, 218 F.3d at 452-53; *Tolliver v. Dobre*, 211 F.3d 876, 877 (5th Cir. 2000). The inability of a prisoner to meet the conditions outlined in 2255 "does not mean that he can bring his claim in a habeas petition under the savings clause. It means that he cannot bring it at all." *Id*. at 480.

### III. Conclusion

Because Minor may not proceed under the savings clause, IT IS RECOMMENDED that the Petition (ECF No. 1) be DISMISSED WITHOUT PREJUDICE for lack of jurisdiction.

Under 28 U.S.C. § 636(b)(1)(c) and Fed. R. Civ. P. 72(b), a party may file written objections to this Report and Recommendation within 14 days of service, unless the Court grants an extension of time to file objections under Fed. R. Civ. P. 6(b). A party may also respond to another party's objections to this Report and Recommendation within 14 days of service of those objections, again unless the Court grants an extension of time to file a response to objections.

No other briefs may be filed without leave of court, which will only be granted for good cause. A party's failure to timely file written objections to this Report and Recommendation will bar a party from later challenging factual or legal conclusions adopted by the District Judge, except if the challenge asserts "plain error."

SIGNED on Thursday, March 7, 2024.

_____
JOSEPH H.L. PEREZ-MONTES
UNITED STATES MAGISTRATE JUDGE